# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON ANGER, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 11-1421 |
| | ) | |
| M. WENEROWICZ; THE ATTORNEY | ) | Judge David S. Cercone/ |
| GENERAL OF THE STATE OF | ) | Magistrate Judge Maureen P. Kelly |
| PENNSYLVANIA, Linda C. Kelly, | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition") be dismissed with prejudice for failure to comply with the Court's Order to Show Cause filed on April 17, 2012, ECF No. 11.

**II. REPORT**

In November 2011, when Leon Anger ("Petitioner") initiated this habeas proceeding, he was incarcerated in the State Correctional Institution at Graterford ("SCI-Graterford"). Petitioner sought to challenge his convictions for Robbery, Burglary and Conspiracy, obtained in 2008 in the Allegheny County Court of Common Pleas. The Respondents were served with the Petition and they filed an Answer, asserting that Petitioner was not entitled to relief. ECF No. 8. The Court ordered the parties to file their selection form indicating whether they consented to have the Magistrate Judge exercise plenary jurisdiction. ECF No. 9. That order required the parties to submit the election form no later than March 27, 2012. While the Respondents filed their election form on March 7, 2012, ECF No. 10, Petitioner never filed his election form.

Consequently on April 17, 2012, this Court issued an Order To Show Cause why the case should not be dismissed due to Petitioner's failure to prosecute. ECF No. 11. The Court provided another copy of the election form to Petitioner along with the Order. Petitioner was given until April 30, 2012 to file his response to the Order to Show Cause. The April 30, 2012 deadline passed and Petitioner failed to file his response. This Court afforded Petitioner additional time but Petitioner did not respond or file the form. It is now September 2012, and Petitioner has still not responded in any way to the prior Court orders.

A district court has the inherent power to *sua sponte* dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a litigant's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by

---

[1] See, e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) ("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

2

the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the Court of appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

Consideration of the factors listed above is as follows:

(1) The extent of the party's personal responsibility.

Petitioner is proceeding in this matter *pro se*. There is no indication that he failed to receive the orders set forth above. The responsibility for his failure to respond to, not one, but two orders in question is Petitioner's alone.

(2) Prejudice to the adversary.

There is no indication that Respondents have been prejudiced by Petitioner's failures.

(3) A history of dilatoriness.

Petitioner has failed to obey at least two court orders including : 1) the March 7, 2012 order directing him to file his election form; and 2) the April 17, 2012 order, directing him to show cause why the case should not be dismissed. Petitioner's repeated failures to respond to

this Court's orders constitute sufficient evidence, in this Court's view, to indicate that he does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Petitioner's failure was the result of any "excusable neglect," Poulis, *supra*. The conclusion that his failure is willful is appropriate.

(5) Alternative sanctions.

Petitioner is proceeding *pro se* and has been granted IFP status, and he has not responded to the Court's orders, and it is not clear that any sanction other than dismissal will properly redress Petitioner's refusal to comply.

(6) Meritoriousness of Plaintiff's case.

It does not appear that his issues are very meritorious. His first issue claims that the evidence was insufficient to find him guilty. A review of the record shows that this issue is not meritorious. The second issue raised is that the verdict was against the weight of the evidence. This is simply not a cognizable claim in federal habeas proceedings as it raises solely a state law claim. Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985)("A federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence"); Davis v. Lavan, NO. CIV.03-40211, 2004 WL 2166283, at *9 (E.D. Pa. Sept. 23, 2004)("a claim that a verdict is against the weight of the evidence is not cognizable on habeas review because it requires an assessment of the credibility of the evidence presented at trial, and a state court's credibility determinations are binding on a federal habeas court."). Petitioner's third issue raises a sentencing claim, contending that the trial court erred in denying Petitioner's motion to prohibit the imposition of the mandatory sentence because the Commonwealth's Notice of Intent to seek the Mandatory Sentence was defective. Again, we

find this to be raising merely a state law error and not a federal constitutional error and hence, the issue is not cognizable here. "As a general rule, a federal court will not review state sentencing determinations that fall within statutory limits." Wilson v. Duckworth, 738 F.2d 828, 831 (7th Cir. 1984). See also United States ex rel. Jackson v. Myers, 374 F.2d 707, 711 n. 11 (3d Cir. 1967) (noting that no due process issues arise if petitioner's sentence is within statutory limits). Petitioner does not argue that his sentence is outside the statutory maximum. Petitioner's fourth issue is a conclusory allegation that his counsel was ineffective. We find that Petitioner fails to explain how his counsel was ineffective and thus fails to rebut the presumed effectiveness of his counsel. Moreover, we find that Petitioner is unlikely to establish prejudice. Since we find the claims Petitioner raises not meritorious, this factor weighs heavily in favor of dismissal.

In light of the foregoing, and especially given this Court's extended contact with Petitioner, we find that the Poulis factors weigh in favor of dismissal. Consequently, this Court recommends that Petitioner's case be dismissed with prejudice for his repeated failings to comply with Court orders.

### III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Date: September 10, 2012                                    s/Maureen P. Kelly
                                                                      Maureen P. Kelly
                                                                        United States Magistrate Judge

cc: David S. Cercone
United States District Judge


Leon Anger
HY-4203
SCI Graterford
P.O. Box 244
Graterford, PA 19426

All Counsel of Record via CM-ECF